United States district court — middle district for Tennessee, civil division

| | | |
|---|---|---|
| David Jonathan Tulis<br>10520 Brickhill Lane<br>Soddy-Daisy, TN 37379<br>davidtuliseditor@gmail.com 423-316-2680<br>　　　　　　　　　　*Plaintiff* | ) ) ) ) ) ) ) | RECEIVED<br>NOV 09 2022<br>US DISTRICT COURT<br>MID DIST TENN |
| V. | ) ) | Case no. |
| William Orange<br>% Department of Police<br>900 Columbia Ave.<br>Franklin, TN 37064 | ) ) ) ) ) | _____<br><br>JURY TRIAL DEMANDED |
| City of Franklin, Tenn.<br>109 3rd Avenue South<br>Franklin, TN 37064 | ) ) ) ) | |
| Atrium Hospitality<br>12735 Morris Rd Ext Suite 400<br>Alpharetta, GA 30004 | ) ) ) ) | |
| John R. Crawford<br>Administrative Office of the Courts<br>511 Union Street, Suite 600<br>Nashville, TN 37219 | ) ) ) ) | |
| Roger A. Page<br>Administrative Office of the Courts<br>511 Union Street, Suite 600<br>Nashville, TN 37219 | ) ) ) ) | |
| John, Jane Doe Nos. 1, 2, etc.<br>Administrative office of the courts,<br>or other state employees<br>　　　　　　　　　　*Defendants* | ) ) ) ) ) | |

# Complaint for abridgment, denial, deprivation of fundamental rights

## Introduction

This action for equity compensation, money damages, and declaratory judgment is required by a member of the press and journalist of 36 years, deprived by the defendants, respectively, each or in concert, without warrant, under color of statute, ordinance, regulation, custom, or usage, of his rights, privileges, or immunities secured by the constitution and laws, not limited to, "abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances," or equal protection to the same.

The means of the deprivations are by, but not limited to, common law false imprisonment, or false arrest for plaintiff's engaging in protected liberty interests.

Williamson County general sessions judge M.T. Taylor on Dec. 14, 2021, dismisses their criminal trespass case against plaintiff for lack of probable cause.

The defendants, respectively, each or in concert, abridge the privileges or immunities of David Jonathan Tulis, a citizen of the United States, or do deprive his person of life, liberty, or property, without due process of law, or do deny to him equal protection of the law; or public trust obligations.

## Jurisdiction

1. The court has jurisdiction to hear this case because of the deprived fundamental rights, privileges, or immunities involved.

2. The breach invokes the 1st amendment to the U.S. constitution applicable to the states and defendants, via the 14th amendment, grants to this court power and protections to plaintiff that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

3. This combined action is a "petition to the [g]overnment for redress of grievances."

4. An official without a warrant or probable cause violates the 4th amendment of the U.S. Constitution, whereby, "the right *of* the people to be secure in their persons *** against unreasonable *** seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the *** persons or things to be seized."

5. 42 U.S.C. § 1983 protects plaintiff against state actor abuse of his federal constitutional guarantees, whereby "Every person who, under color of any *** custom, or usage, of any State *** , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

6. 42 U.S.C. § 1985 protects against conspiracy of "two or more persons" who "conspire *** for the purpose of depriving, either directly or indirectly, any person *** of the equal protection of the laws, or of equal privileges and immunities under the laws."

7. The value of the relief is reasonably believed to exceed F$75,000.

# Parties

**Plaintiff**

8. Plaintiff is a man who lives on land in Soddy-Daisy, in Hamilton County, where he is domiciled and lives a quiet private life. He is a citizen of state of Tennessee, therein born to American parents. His occupation is a press reporter for NoogaRadio Network, including 96.9 FM, for which he worked Nov 6, 2021, the date of his false imprisonment and arrest on a news assignment.

**Defendants**

9. **William Orange** is a police officer employed by the city of Franklin on the day of this unwarranted deprivation. His home address is unknown to plaintiff, who serves him at his place of employment in the city limits. His duty is the enforcement of ordinances and the keeping the peace under authority of the city charter. At all times relevant to this cause, the city employs Orange, as defined under T.C.A. § 29-20-102, who acts under color of law only.

10. **City of Franklin** is a municipal corporation organized under Tennessee law and obligated to not act in any way abrogating the Tennessee constitution nor any statute under which it operates, nor its agents and servants. The city's duty is to protect the constitutionally guaranteed rights of residents and visitors, and restrain the use of threat and violence to operate only lawfully, and not in violation of any person's civil, statutory, constitutional, common law or other rights.

   a. The city finances its ordinance-enforcing department, an agency it calls the Franklin police department, and provides rules and regulations for its public service.

b. The city oversees the hiring, training, discipline, supervision and retention of the department's employees.

11. **John R. Crawford** is the education manager for the administrator of the courts, AOC. His home address is not known; he is served at his place of employment in Nashville.

12. **Atrium Hospitality** is a hotel management business, the interstate interests of which cross state lines, and the operator of Embassy Suites Cool Springs, where the unwarranted deprivation took place Nov. 6, 2021. It is based in Alpharetta, Ga.

13. **Roger A. Page** oversees, supervises, administers and directs the Tennessee administrator of the courts for public conferences. It is presumed he lives in Davidson or a neighboring county. Plaintiff serves him at his state offices in Nashville.

14. **John or Jane Does, Nos. 1, 2, etc.**, employees of state or other political subdivisions whom plaintiff reserves right to add as defendants on discovery.

## Summary of rights violations

15. Plaintiff attends the Nov. 6, 2021, judicial conference meeting at the Atrium Hospitality-run hotel in Franklin, and he attends by constitutional right of the press and its appurtentant public uses or purposes. The meeting of government employees, on property under contract with the state for payment, deals with topics that affect the public and taxpayer interest, the convocation among judges who "draft suitable legislation and submit its recommendations to the general assembly," Tenn. Code Ann. § 17-3-107.

16. Plaintiff pursues his calling by attending the conference by right of the federal first amendment regarding press and free speech; and plaintiff's common law rights as a man as one of the "free people" of Tennessee, as so named in the state bill of rights art. 1, sect. 24.

17. The first unwarranted deprivation and false imprisonment against plaintiff is by John Crawford, education manager of AOC. He blocks entrance to the conference room into which plaintiff has right to enter and organizes arrest of plaintiff without probable cause.

18. In the second instance of unwarranted deprivation and false imprisonment, in conspiracy, John or Jane Doe calls Franklin city police officer Orange and others to the scene who assist in blocking ingress.

19. The third instance of unwarranted deprivation and false imprisonment occurs moments after plaintiff takes a seat at a conference table, opens his laptop and prepares as is his habit, custom and practice to listen to a scheduled lecture. Orange and Atrium employee Lisa Hegman, hotel manager, stand over plaintiff and order him to leave. Hegman demands without lawful basis he depart, and directs Orange to arrest plaintiff, whom she alleges, without more than the bare accusation, is a trespasser on private property.

20. In the fourth instance of unwarranted deprivation of a protected fundamental right, defendants in agreement direct officer Orange to place his hands on plaintiff, handcuff him, injuring one of plaintiff's hands to numbness, a medical injury taking months to heal. They falsely arrest him without probable cause or any articulated lawful reason and place him bound on a gurney and into an ambulance.

21. In a fifth instance of breach of his rights, plaintiff suffers an abduction, a kidnapping, of which offense he gives verbal notice.

22. In a sixth instance of breach of rights and imprisonment, in injury atop of harm, Orange acts without first obtaining a warrant for an imprisonment and arrest that, to be lawful and not on his personal whim or pretended authority, must obey Tenn. const. Art. 1, sect. 7, warrant requirement, and T.C.A. § 40-7-103, warrantless arrest, grounds, which latter ordains he may arrest an alleged misdemeanant only if he commits a "public offense" in his presence, a two-part test that if met lets him exercise of lawful arrest authority without a warrant.

23. An seventh unwarranted imprisonment is Orange's failure to take plaintiff immediately to a magistrate as the law Tenn. R. Crim. P., Rule 5 requires to settle his rights "without unnecessary delay," following their breach.

24. In the eighth instance of unwarranted deprivation of fundamental constitutional rights, Orange extorts from plaintiff his signature on a Tennessee uniform summons despite repeated demand from plaintiff that he be taken to a magistrate, per right, immediately, wherein it is Orange's duty under law to do so.

25. In a ninth instance of deprivation of rights by imprisonment, defendants force plaintiff to depart the property under threat of arrest, depriving him of the right to report on the state government activity for his radio station.

26. In a 10th instance of false imprisonment — which includes compelling a person to go to a place to which he does not wish to go if he were at liberty — Orange and his employer city of Franklin extort plaintiff to make two road trips in furtherance of their unwarranted deprivation by yet another method, a malicious prosecution of their criminal case under color of state law requiring plaintiff travel from

7 of 14
Case 3:22-cv-00911   Document 1   Filed 11/09/22   Page 7 of 14 PageID #: 7

Soddy-Daisy to Franklin a total of 612 miles by car. The first trip to the Williamson County jail is for booking, absent any finding by a magistrate of probable cause, injuring plaintiff in his rights. A second trip is Dec. 14, 2021, to a hearing in general sessions court on probable cause for the arrest.

27. An 11th instance of unwarranted deprivation of constitutional common law rights under color of law is a 70-minute general sessions court public hearing in which plaintiff is unlawfully burdened with duty, given the continuing failure of the defendants to faithfully execute clearly established law, to argue he is illegally arrested and that the case is void.

28. Judge M.T. Taylor dismisses the arrest for an alleged trespass as lacking probable cause.

## Factual bases

### Defendant Orange

29. Officer Orange, with other armed employees of the city police department, takes charge of oppressing plaintiff at Embassy Suites hotel the morning of Nov. 6, 2021.

30. Orange arrives at the hotel at 10:09 a.m. at which time he turns on his Axon bodycam. He declares plaintiff under arrest at 10:31 a.m. The cuffs are removed at 11:07 a.m., having been on complainant's wrists 36 minutes.

31. Orange, under color of state law, seizes and imprisons plaintiff without a lawful cause or justifiable reason, and without a warrant required under T.C.A § 40-7-103, committing in his person the common law tort of false imprisonment

and false arrest.

## Defendant city of Franklin

32. City of Franklin is the employer of Orange and is responsible for his training in the assertion of police power and the claims of city ordinance upon members of the public. The city's code, policies, rules, customs and usages are required to conform to the state and federal constitutions with their respective bills of rights. Defendant also must abide by the criminal statutes and procedures pursuant to constitutionally permitted police powers, lacing in this action.

33. The city, as a creature of the general assembly and subject to any relevant law in Tennessee code annotated, is obliged to train its agents and officers in conformity with the law to best maintain peace while protecting the rights of each citizen, resident or visitor to the city by properly asserting that power.

34. Defendant's rejection of state law and ordering officers to make arrests without the required warrant is a harm that subjects, or causes to be subjected, the citizen plaintiff to deprivation of his press rights and privileges.

35. City's agent Orange does not, and cannot, accuse plaintiff of having caused a "public offense," one that has a threatening, violent, menacing, riotous, affray-like face, a harm visible to the human eye in the nature of a "breach of the peace threatened," or while he is enjoying a protected fundamental right or liberty interest.

36. Defendant city's misrepresentation of the law voids the statute, co-opts license under color of law, allowing, under color, its agents to make all arrests without a warrant, in breach of Tenn. const. Art.1, sect. 7, regarding warrants and arrest,

evading the lawful constraints placed upon the defendants by the general assembly's grant of exceptions at T.C.A. § 40-7-103.

## Defendant Crawford

37. Defendant Crawford conspires to block plaintiff's efforts to attend the conference prior to Nov. 6, 2021, in correspondence with state officials.

38. Crawford is manager of the judicial conference and present the morning of Nov. 6, 2021, speaking with parties in the police department, directing Franklin officers to assault plaintiff, telling hotel manager Lisa Hegman to "trespass" plaintiff in the name of the hotel, as the rented conference room allegedly is its "private property" that day.

## Defendant Atrium

39. Atrium is the owner and operator of the Embassy Suites Cool Springs hotel where the arrest takes place.

40. Atrium Properties acts in concert with its renter, the state of Tennessee and administrator of the courts, to deprive plaintiff of his rights, privileges and press immunities under the U.S. constitution.

## Defendant Page

41. Some time prior to Nov. 6, 2021, defendant Page, in office as supervisor of AOC, plans the annual conference for Tennessee city court judges that plaintiff attends.

42. The AOC oversees administration of the court, and its director "serves at the pleasure" of the supreme court. T.C.A. § 16-3-802. The director works "under the supervision and direction of the chief justice." T.C.A. § 16-3-803. For professional

development, judges get training and attend conferences, and for "implementing the annual judicial education plan," the director "with the approval of the chief justice, may apply for and expend grant funds from whatever source" T.C.A. § 16-3-803. The AOC oversees "orientation and continuing training and education of all elected or appointed judges" T.C.A. § 16-3-803(f)(1).

43. Page is in charge of the conference and fails to provide protected space for members of the public such as plaintiff, and so interferes without a warrant upon the protected constitutionally guaranteed press rights of plaintiff, in coordination with others.

## Defendants Doe

44. The John and Jane Does in the judicial and other departments of state of Tennessee exercise supervisory, managerial, employment, service and administrative functions and participate in the oppression of plaintiff's federally guaranteed rights.

45. John or Jane Doe have fiduciary duty in office, or a moral obligation, to not harm or injure plaintiff, that duty falling to this person(s) in light of emoluments and wages paid to their persons. Their role in policy, custom and usage is, if not directly responsible for breach in this case, or constructively responsible by negligence, disregard, permission, for harms imposed on plaintiff by state servants, regardless of whether such John or Jane Does are present on scene Nov. 6, 2021.

# Relief sought

46. Plaintiff seeks money damages, equity relief and orders prohibiting of all future policies, programs, customs and usages that violate the first amendment of the U.S. constitution and warrantless arrest limits, as follows:

   (a) **Damages.** Plaintiff demands $750,000 in damages for the deprivation of his rights, privileges and immunities as protected under the U.S. constitution bill of rights, as secured particularly by 42 U.S.C. §§ 1983 and 1985. This includes physical injury to his hand, evidence of bad faith rejection and denial of notice and harms to plaintiff's valuable protected rights, privileges and immunities as member of the press;

   (b) **Equitable compensation.** Plaintiff demands $2.25 million in equitable compensation. This amount, in light of harms done him and those similarly situated, is to impress on the conscience of defendants the grievous nature of their wrongs against the constitution and against state and federal law, and against plaintiff in the constitutionally protected calling of the free press;

   (c) **Injunctions**

   (1) To prevent similar wrongs against himself intending to cover any Tennessee judicial conference, plaintiff demands, *pending identification of John or Jane Doe plaintiff(s) with authority in AOC,* if required, that the judicial branch's Feb. 1, 2022, policy, No. 3.04, "Subject: Attendance at AOC Conferences," created in response to plaintiff's Nov. 6, 2021, arrest, be ruled unconstitutional, null and void, and that defendants be commanded, or any subsequent

authority, to halt abuses like those complained of in this case;

(2) The evasion of the warrantless arrest law is a disturbing custom, a statewide problem, according to reports, for which plaintiff demands a forward-looking injunction upon defendant city and any other party similarly situated, that he be protected statewide. As to city of Franklin, plaintiff demands that the court order the city to correct its misrepresentation of the warrantless arrest law at T.C.A. 40-7-103 and enjoin it to abide by clearly established law, in which the term "public offense" is the standard for misdemeanors for which officers are allowed to seize people under without arrest warrant, and then only by the due process the general assembly intends;

(d) **Costs.** Plaintiff asks the court to award his legal (attorney) fees, costs, discretionary costs;

(f) **Other.** Any other relief the court may deem fit and proper, pursuant to applicable federal law;

(g) Allow a jury trial on all issues.

Respectfully submitted,

_David Jonathan Tulis_
David Jonathan Tulis

# Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *Nov. 5, 2022*

Signature of Plaintiff *David Jonathan Tulis*

David Jonathan Tulis