UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID JONATHAN TULIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:22-cv-00911 |
| v. ) | Chief District Judge Waverly Crenshaw |
| ) | Magistrate Judge Barbara Holmes |
| ROGER A. PAGE, official capacity, ) | |
| JOHN R. CRAWFORD, official capacity, ) | |
| ADMINISTRATIVE OFFICE OF THE ) | |
| COURTS JOHN AND JANE DOES, official ) | |
| capacity, WILLIAM ORANGE, and ) | |
| ATRIUM HOSPITALITY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**STATE DEFENDANTS' MOTION TO DISMISS**

State Defendants, Chief Justice Page, John R. Crawford, and John and Jane Doe, employees of the Administrative Office of the Courts ("AOC")[1], submit this Memorandum of Law in support of their Motion to Dismiss for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint was filed after the applicable one-year statute of limitations, which dooms his claims. Moreover, sovereign immunity bars suit against non-consenting state officials in their official capacity. Because no amendment could cure Plaintiff's flawed theories, the Court should grant the State Defendants' Motion and dismiss this case with prejudice.

---

[1] The State Defendants are sued only in their official capacities. Plaintiff has asserted no claims of individual liability and no State Defendants have been served in an individual capacity.

1

# BACKGROUND[2]

This lawsuit concerns Plaintiff's failed attempts to enter a judicial conference produced by the AOC on November 6, 2021. (Compl., ¶¶ 15-28.) Plaintiff, a press reporter for NoogaRadio Network, alleges that Mr. Crawford barred his entrance into the room that housed the conference and organized Plaintiff's arrest. (*Id*. at ¶¶ 8, 17.) Plaintiff assumes that John and Jane Doe ("AOC Does") called Defendant Orange, a Franklin City police officer, to assist in blocking Plaintiff's ingress. (*Id*. at ¶¶ 9, 18.)

Plaintiff alleges that he later gained access to the conference but was arrested by police officer, Defendant Orange. (*Id*. at ¶¶ 19, 20.) Plaintiff lastly alleges that he suffered an abduction at the direction of unnamed defendants and that forcing him to depart the property "deprived him of the right to report on the state government activity for his radio station." (*Id*. at ¶¶ 21, 25.)

Plaintiff seeks damages in the amount of $750,000, equitable compensation of $2,250,000, costs, attorney fees, and a specific injunction against Defendant City of Franklin "to correct its misrepresentation of the warrantless arrest law . . . and enjoin it to abide by clearly established law" for warrantless arrest and procedural due process rights.[3] (*Id*. at ¶46(a)-(d).) The Complaint also contains a placeholder for "[a]ny other relief the court may deem fit and proper, pursuant to applicable federal law." (*Id*. at ¶46(f).)

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Where defendants challenge subject matter jurisdiction upon the face of the

---

[2] As required at the pleading stage, this Memorandum assumes the truth of all factual allegations in the Complaint. Nothing in this Memorandum should be construed as an admission of fact.

[3] Plaintiff also demands that "the judicial branch's Feb. 1, 2022, policy, No. 3.04, 'Subject: Attendance at AOC Conferences,' created in response to plaintiff's Nov. 6, 2021, arrest, be ruled unconstitutional . . . .." (Compl., ¶ 46(c)(1).) But Plaintiff makes no allegation that he was subjected to this policy. Indeed, Plaintiff states that the policy took effect after the events alleged in the Complaint. *Id*.

complaint, "all of the allegations in the complaint must be taken as true." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (citing *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

Additionally, under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Meeting this standard requires "more than the bare assertion of legal conclusions"; it requires "either direct or inferential allegations respecting all the material elements to sustain a recover[y] under *some* viable legal theory." *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006) (quotation omitted).

And even though courts are instructed to construe *pro se* complaints liberally, basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## ARGUMENT[4]

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE ONE-YEAR STATUTE OF LIMITATIONS.

Plaintiff has alleged that State Defendants violated his civil rights, and he brings claims seeking to remedy the deprivation. (Compl., ¶¶ 5, 6.) Courts considering claims brought under the federal civil rights statutes, including 42 U.S.C. §§ 1983 and 1985, look to state law to determine the statute of limitations. *Thomas v. Tennessee*, 451 F. Supp. 3d 849, 860 (W.D. Tenn. 2020), reconsideration denied, No. 2:19-CV-2427-JPM-TMP, 2020 WL 3066633 (W.D. Tenn. June 9, 2020) The length of the statute of limitations is determined by reference to the state statute

---

[4] State Defendants take no position on the claims against the remaining defendants: William Orange, City of Franklin, and Atrium Hospitality.

3

of limitations for personal-injury torts. *Thomas*, 451 F. Supp. 3d at 860 (citing *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

The applicable statute of limitations for this case is governed by Tenn. Code Ann. 28-3-104(a)(1), which provides that "civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" "shall be commenced within one (1) year after the cause of action accrued." *See also Smith v. Rosenthal Collins Grp., LLC*, 340 F. Supp. 2d 860, 863 (W. D. Tenn. 2004). The accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. *Thomas*, 451 F. Supp. 3d at 860. "[T]he limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). In determining the accrual date, courts look to "what event should have alerted the typical lay person to protect his or her right. *Thomas*, 451 F. Supp. 3d at 861.

Plaintiffs' claims stem from his attempts to enter the judicial conference and subsequent arrest. These events occurred on November 6, 2021. (Compl., ¶¶ 8, 12.) Plaintiff did not file his Complaint until November 9, 2022. (Compl., *generally*.) This exceeds the statutory period of one year, and, consequently, Plaintiff's claims are barred by the statute of limitations.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

Even if Plaintiff's claims were not barred by his failure to file within the applicable statute of limitations, they are barred by sovereign immunity. Sovereign immunity generally deprives federal courts of subject matter jurisdiction when a citizen sues a state or state official. *Russel v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Due to "the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution," states are generally immune

4

from private suits in federal courts. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citations omitted).

"The immunity also applies to actions against state officials sued in their official capacity for money damages" because "[a] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office, i.e., against the State." [5] *Id*. (citation and internal quotation marks omitted); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding a suit against a state agency or an individual in his official capacity is a suit against the state).

Plaintiff has sued Chief Justice Page, Mr. Crawford, and AOC Does in their official capacities. Members of the AOC are considered state employees, as their salary is paid in whole or in part by the state treasury. Tenn. Code Ann. § 17-3-101. State judges are also state employees. Tenn. Code Ann. § 17-2-305(b)(1). Therefore, State Defendants are entitled to sovereign immunity.

Notably, there are only three exceptions to a state's sovereign immunity. *See S & M Brands*, 527 F.3d at 507. The first is whether the state has waived its immunity and "consented to suit." *Id*. A state waives its immunity if it makes a "clear declaration" that it intends to submit to federal court jurisdiction. *Coll. Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 675-76 (1999). State Defendants made no such waiver here. "The State of Tennessee has not consented to any . . . suit" in federal court "expressly or by implication." *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (citing Tenn. Code Ann. § 20-13-102(a)). And State

---

[5] A state is not a "person," and, therefore, cannot be sued under §1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 109 S. Ct. 2304, 2306, 105 L. Ed. 2d 45 (1989)). Thus, Plaintiff's claims under 42 U.S.C. § 1983 fail because the State Defendants in their official capacities are not "persons" for purposes of § 1983.

Defendants have not taken any action that would suggest—much less "clear[ly] declar[e]"—that they intend to submit to the Court's jurisdiction. *See Coll. Savs. Bank*, 527 U.S. at 675-76.

Another exception is whether "Congress has properly abrogated a [s]tate's immunity." *S & M Brands*, 527 F.3d at 507. Congress does so if it provides a "clear legislative statement" that it intends to abrogate the immunity and it acts under a valid exercise of power. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-58 (1996) (internal quotation marks omitted). None of the statutes referenced by Plaintiff contain any statement that Congress intended to overcome state sovereign immunity. *See* 18 U.S.C. §§ 241-42, 42 U.S.C. §§ 1983, 1985; *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (finding that 42 U.S.C. § 1983 "does not abrogate Eleventh Amendment immunity"); *Farmer v. Tennessee Dep't of Safety*, No. 3:05-CV-84, 2006 WL 2128882, at *2 (E.D. Tenn. July 27, 2006) (holding a state and its officials also have Eleventh Amendment immunity from a suit brought under 42 U.S.C. § 1985).

Finally, Plaintiff cannot rely on the *Ex parte Young*, 209 U.S. 123 (1908), exception. *See S & M Brands*, 527 F.3d at 507. Under *Young*, a federal court may "enjoin state officers in their official capacity from prospectively violating a federal statute or the Constitution." *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014). To obtain relief, the complaint must "allege[] an *ongoing* violation of federal law and seek[] relief properly characterized as prospective." (emphasis added.) *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted). Plaintiff does not assert that State Defendants are committing an ongoing violation of federal law. Rather, he limits his allegations to one arrest at a judicial conference. (Compl., generally.)

Since State Defendants retain their sovereign immunity, the Court should find that it lacks subject-matter jurisdiction and dismiss all of Plaintiff's claims against State Defendants.

## CONCLUSION

Because the Court lacks jurisdiction to consider Plaintiff's claims, the Court should grant the State Defendants' Motion and dismiss this case with prejudice.

> Respectfully Submitted,
>
> JONATHAN SKRMETTI
> Tennessee Attorney General & Reporter
>
> */s/ Lauren D. Rota*
> LAUREN D. ROTA
> Assistant Attorney General
> BPR No. 037573
> Office of the Tennessee
> Attorney General & Reporter
> P.O. Box 20207
> Nashville, TN 37202-0207
> (615) 741-1442
> Lauren.Rota@ag.tn.gov
> *Attorney for State Defendants*

## CERTIFICATE OF SERVICE

I certify that I filed the above document using the Court's CM/ECF system on December 22, 2022, and that on that date a copy of this document was sent via first class mail, postage prepaid, and electronic mail to:

David Jonathan Tulis
10520 Brickhill Lane
Soddy-Daisy, TN 37379
davidtuliseditor@gmail.com

> */s/ Lauren D. Rota*
> Lauren D. Rota