DAVID JONATHAN TULIS,     )
                     )
       Plaintiff,        )     Case No. 3:22-00911
v.                    )
                     )
WILLIAM ORANGE, et al.     )
                     )
       Defendants.     )

## MEMORANDUM OF LAW IN SUPPORT OF CITY OF FRANKLIN'S MOTION TO DISMISS

Comes Defendant City of Franklin, Tennessee, by and through counsel, and in support of its Motion to Dismiss states as follows:

## FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff is a press reporter for NoogaRadio Network. (Doc. 1, Complaint ¶ 8) Plaintiff alleges that on November 6, 2021, he attempted to enter a judicial conference produced by the AOC and was blocked from entering the conference room by Defendant Orange and other named defendants. (Complaint ¶ 18) Plaintiff avers that he gained access to the conference but was subsequently arrested by Defendant Orange on the direction and false accusations of Defendant Crawford that Plaintiff was trespassing. (Complaint ¶¶ 19, 20) Plaintiff contends Defendant Orange's arrest and seizure was made without lawful cause and without a warrant required under T.C.A. § 40-7-103. (Complaint ¶ 31) Defendant Orange placed Plaintiff in handcuffs which allegedly caused medical injury and removed him from the premises. (Complaint ¶ 20) Plaintiff additionally claims he was forced "against his liberty" to make two trips: First to the Williamson County Jail for booking and the second to a hearing in general sessions court. (Complaint ¶ 26) Plaintiff avers that his "abduction" "deprived him of the right to report of the state government activity for his radio station." (Complaint ¶¶ 21, 25)

Plaintiff alleges Defendant City of Franklin is responsible for Officer Orange's actions and training. (Complaint ¶¶ 32-33) Plaintiff avers the City orders officers to make arrests without a warrant, which caused Plaintiff deprivation of his rights and privileges. (Complaint ¶ 34) Lastly, Plaintiff contends that the City of Franklin's "misrepresentation of the law" allows its agents to make all arrests without a warrant, in breach of Tenn. Cost. Art. 1, sect. 7. (Complaint ¶ 36)

Plaintiff demands $750,000 in damages for the deprivation of his rights secured by 42 U.S.C. § 1983 and § 1985, "equitable compensation" of $2.25 million dollars to "impress on the conscience of defendants the grievous nature of their wrongs against the constitution and against state and federal law", and a specific injunction against the City to "correct its misrepresentation of the warrantless arrest law." (Complaint ¶ 46)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." Id. (quoting Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

# I. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for a claim arising under 42 U.S.C. 1983 is the state statute of limitations applicable to personal injury actions in the state in which the § 1983 claims arose. Dibrell v. City of Knoxville, 984 F.3d 1156, 1161 (6th Cir. 2021); Wilson, 471 U.S. at 278-279. Tennessee has a one-year statute of limitations for those torts. Tenn. Code Ann. § 28-3-104(a)(1)(A). (Tennessee has another statute of limitations for actions "under the federal civil rights statutes" that also sets a one-year period. Id. § 28-3-104(a)(1)(B). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute turns on federal law. Wallace, 549 U.S. at 388; Dibrell, 984 F.3d at 1161-1162. Courts will look to the face of the complaint to determine whether the statute of limitations bars a plaintiff's claims. Irvin v. Smith, 2022 U.S. Dist. LEXIS 135823, *5-6 (M.D. Tenn. June 22, 2022); Howell v. Farris, 655 F. Supp 349, 351 (6th Cir. 2016); Bishop v. Lucent Techs. Inc., 520 F.3d 516, 520 (6th Cir. 2009). Plaintiff's claim is untimely under these rules.

Indeed, a reader of Plaintiff's complaint can only determine from the facts included in the complaint that Plaintiff was arrested by Orange November 6, 2021. (Doc. 1) Deducing anything beyond this requires complete speculation, which is not sufficient to support a viable complaint. The Court cannot supply or assume facts that are not pled. See Hobson v. Billotte, 2021 U.S. Dist. LEXIS 182102 (M.D. Tenn. Sep. 23, 2021); Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000); Bell v. Tennessee, 2012 U.S. Dist. LEXIS 39086 *9 (E.D. Tenn. March 22, 2012). Plaintiffs' claims are premised on the allegedly unlawful November 6, 2021, arrest, at which time Plaintiff knew or had reason to know of the injury he now claims. (Complaint, ¶¶ 8, 12.) Because Plaintiff did not file his lawsuit until over a year later, on November 9, 2021, his claims are barred by the statute of limitations.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. SECTION 1983

When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). Even if it were assumed that the complaint alleged a violation of Plaintiff's constitutional rights, the second issue would be dispositive of Plaintiff's claim against the City of Franklin.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92; Deaton v. Montgomery Cnty., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability. Jones v. Shelby County, 2015 U.S. Dist. LEXIS 1913, *16 (W.D. Tenn. Jan. 8, 2015); Oliver v. City of Memphis, 2004 U.S. Dist. LEXIS 30200 at *4

(W.D. Tenn. Dec. 2, 2004); *cf.* Raub v. Corr. Med. Servs., Inc., 2008 U.S. Dist. LEXIS 2844 at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); Chidester v. City of Memphis, 2005 U.S. Dist. LEXIS 46917at *3 (W.D. Tenn. June 15, 2005). The instant complaint does not sufficiently plead that Plaintiff suffered any injury arising from an unconstitutional policy or custom of the City of Franklin.

Plaintiff alleges the City of Franklin, as Orange's employer, is "responsible" for Officer Orange's actions and training. (Complaint ¶ 32) As highlighted, Plaintiff cannot pursue a claim under Section 1983 against the City based upon a theory of *respondeat superior* predicated on alleged wrongdoing of one of its respective employees. It is well-settled that these theories of liability do not support a claim under Section 1983. Connick v. Thompson, 563 U.S. 51, 60 (2011); Monell, 436 U.S. at 691.

Aside from vicarious liability allegations, Plaintiff makes only two other contentions against the City, both of which fail to state a claim. First, Plaintiff claims the City "rejects" state law and "orders officers to make arrests without the required warrant." (Complaint ¶ 34) This allegation is completely conclusory and unbuttressed by any specific factual allegations that would support a viable claim under Section 1983 against the City of Franklin. *See* Hobson, 2021 U.S. Dist. LEXIS 182102, at *17-19; Irvin, 2022 U.S. Dist. LEXIS 135823, *11-12 ("Where a complaint states no more than conclusions, such "are not entitled to the assumption of truth… While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Second, Plaintiff contends the City's "misrepresentation" of the law allows its agents to make arrests without a warrant, in breach of Tenn. Const. Art. 1, sect. 7. (Doc. 1, ¶ 36) Similarly, this assertion is unbuttressed by sufficient factual allegations. Moreover, even if the Court were

to construe Plaintiff's submission as asserting a claim under 42 U.S.C. § 1983, it is facially deficient. "By its terms, § 1983 does not provide a cause of action for violations of the Tennessee Constitution or Tennessee law." Jones v. Shelby County, 2015 U.S. Dist. LEXIS 1913, *10-11 (W.D. Tenn. 2015) Additionally, there is no private right of action for damages under the Tennessee Constitution. *See* Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n, 15 S.W.3d 434, 444-45 (Tenn. Ct. App. 1999); Cline v. Rogers, 87 F.3d 176, 179-80 (6th Cir. 1996); *see also* Peterson v. Dean, 2009 U.S. Dist. LEXIS 99015 (M.D. Tenn. Oct. 23, 2009).

Based on the foregoing, Plaintiff has not sufficiently alleged that a violation of a federal right took place or that a City of Franklin policy or custom caused any such violation.

## B. Section 1985

Plaintiff also claims he is entitled to recover pursuant to 42 U.S.C. § 1985 (Complaint ¶ 46) To establish a violation of § 1985, Plaintiff is required to show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the law; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or deprived of any right or privilege of a citizen of the United States." Vakilian v. Shaw, 335 F.3d 509, 518 (6th Cir. 2003) (quoting United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29, (1983)). Plaintiff must demonstrate that the conspiracy was motivated by a class-based discriminatory animus, such as race. Smith v. Thornburg, 136 F.3d 1070, 1078 (6th Cir. 1998); Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007) There must also be a predicate constitutional violation to support a claim of conspiracy under 42 U.S.C. § 1985. Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 226 (6th Cir. 1991).

6

Plaintiff's vague and conclusory allegations do not demonstrate that the defendants acted in concert or had the requisite single plan, and thus, are not sufficient to satisfactorily plead a 1985 claim. See Bisahwi v. Northeast Ohio Corr. Ctr, 628 F.App'x 339, 346 (6th Cir. 2014); Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003) Plaintiff has likewise failed to plead anything even resembling class-based discriminatory animus. Moreover, as shown above, the underlying claims upon which Plaintiff's conspiracy allegations are based should be dismissed. See Beztak Land Co. v. City of Detroit, 298 F.3d 559, 568-69 (6th Cir. 2002) (Where the substantive allegations that form the basis of a conspiracy claim are properly dismissed, the conspiracy count fails). Accordingly, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1985.

### C. STATE LAW CLAIMS ARE BARRED BY THE TGTLA

With respect to any possible liability against the City of Franklin under state law, pursuit of such claims, even if they were supported by factual allegations, would be futile because of a clear defense of immunity under the Tennessee Governmental Tort Liability Act ("TGTLA") Tenn. Code Ann. 29-20-101 et seq. The City expressly retains the immunity from suit for the alleged injuries in the complaint as they arise out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights." Tenn. Code Ann. § 29-20-205; Hobson, 2021 U.S. Dist. LEXIS 182102, at *23-24; Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010); Siler v. Scott, 591 S.W.3d 84, 95-98 (Tenn. Ct. App. 2019). Likewise, immunity exists under the TGLTA for any state law claim against the City of Franklin premised upon allegations of a negligent failure to train, supervise, hire, or retain employees. Savage v. City of Memphis, 620 Fed. App'x 425, 429 (6th Cir. 2015).

7

## CONCLUSION

Based on the foregoing, Defendant City of Franklin respectfully submits that Plaintiff's case should be dismissed with prejudice.

BY: /s/ Gina S. Vogel_____
Gina S. Vogel, BPR No. 033526
O'Neil, Parker & Williamson, PLLC
7610 Gleason Drive, Suite 200
Knoxville, Tennessee 37919
Telephone: (865) 546-7190
*Attorney for Defendant*

/s/ Shauna Billingsley_____
Shauna R. Billingsley, BPR No. 023362
City Attorney
City of Franklin, Tennessee Law Department
109 3rd Avenue South
Franklin, TN 37064
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of January, 2023, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Shauna R. Billingsley, Esq.
109 Third Avenue South
Franklin, Tennessee 37064
Attorney for City of Franklin, Tennessee
A copy has also been delivered to the pro se plaintiff as follows:

By placing postage prepaid envelope in United States Mail Service, addressed to:

David Jonathan Tulis
10520 Brickhill Lane
Soddy-Daisy, TN 37379
Davidtuliseditor@gmail.com

This the 3rd day of January, 2023.

/s/Gina S. Vogel_____
Gina S. Vogel, Esq. (BPR #033526)

8

9