IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID JONATHAN TULIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:22-cv-00911 |
| v. | ) |
| | ) Chief Judge Waverly D. Crenshaw, Jr. |
| WILLIAM ORANGE, et al., | ) Magistrate Judge Barbara D. Holmes |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## ORDER DENYING MOTIONS ENTRY OF DEFAULT

Pending are Plaintiff's Motions for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) against Defendants City of Franklin, Tennessee and Roger A. Page. (Doc. Nos. 30 and 33). For the following reasons, the Motions are **DENIED**.

Plaintiff filed this action *pro se* on November 9, 2022. (Doc. No. 1). Summonses were issued as to all defendants on November 28, 2022. (Doc. No. 6). On December 22, 2022, Defendant Page filed a Motion to Dismiss the Complaint. (Doc. No. 7). On January 3, 2023, counsel for the Defendant City of Franklin, Tennessee also filed a Motion to Dismiss. (Doc. No. 12). On February 3, 2023, Plaintiff filed responses to the pending motions to dismiss. (Doc. No. 24). Defendant Page filed a reply on February 3. (Doc. No. 26). Defendant City of Franklin filed a reply on February 7. (Doc. No. 27).

On February 24, 2023, Plaintiff filed the pending Motions for Entry of Default. (Doc. Nos. 30 and 34). The crux of Plaintiff's argument in favor of entry of default appears to be that these Defendants have not timely responded to Plaintiff's motions for injunctive and equitable relief,

1

not that they have not responded to Plaintiff's Complaint with the filing of their motions to dismiss. (Doc. No. 30 at PageID #163 and Doc. No. 33 at PageID #195).

When evaluating whether to enter default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must ascertain not only whether a party has filed a responsive pleading, but also whether the defendant has taken any action to "otherwise defend." "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . .. There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted). By filing Motions to Dismiss Plaintiff's Complaint, both Defendants have expressed their intent to defend this action. Accordingly, Plaintiff's Motions Entry of Default (Doc. Nos. 30 and 33) are **DENIED.**

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
