IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DAVID JONATHAN TULIS )
)
v. ) No. 3:22-cv-0911
)
WILLIAM ORANGE, et al. )

**To: Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge**

# REPORT AND RECOMMENDATION

By Order entered November 22, 2022 (Docket Entry No. 4), this *pro se* civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are: (1) the motion to dismiss of Defendants Roger A. Page, John R. Crawford, and Administrative Office of the Courts John and Jane Doe ("AOC Does") (Docket Entry No. 7); (2) the motion to dismiss of Defendant Atrium Hospitality LP (Docket Entry No. 11); (3) the motion to dismiss of Defendant City of Franklin (Docket Entry No. 12); and, (4) the motion to dismiss of Defendant William Orange (Docket Entry No. 22). The motions are opposed by Plaintiff.

For the reasons set out below, the undersigned respectfully recommends that the several motions to dismiss be granted and that this action be dismissed in its entirety.

## I. BACKGROUND[1]

David Jonathan Tulis ("Plaintiff") is a citizen of Tennessee who resides in Hamilton County. He works as a press reporter for the NoogaRadio Network. On November 6, 2021, he traveled to Franklin, Tennessee to attend and report on a "judicial conference meeting" that was being held at the Embassy Suites Cool Springs Hotel, a hotel that Plaintiff alleges is owned and operated by Atrium Hospitality ("Atrium").

Plaintiff alleges that he was initially prevented by John Crawford ("Crawford") from entering a conference room at the hotel where a lecture was going to occur. Plaintiff asserts that Crawford is an education manager for the Tennessee Administrative Office of the Courts ("AOC") and that he managed the conference. Despite being initially blocked from entering, Plaintiff somehow entered the conference room, where he alleges he was approached by Franklin Police Officer William Orange ("Orange") and the hotel manager just moments after he sat down at a conference table and opened his laptop computer. The hotel manager told Plaintiff that he was trespassing on private property and Plaintiff was threatened with arrest if he did not leave. Plaintiff vaguely appears to allege that phone calls were placed amongst the several people involved in preventing him from staying at the conference.

Plaintiff did not voluntarily leave, and Officer Orange thereafter told Plaintiff that he was under arrest and placed him in handcuffs. Plaintiff alleges that his hand was injured while being handcuffed and, although not clearly explained by Plaintiff, he asserts that he was placed on a gurney for some reason and removed from the hotel into an ambulance. While what occurred next is, again,

---

[1] The background facts are summarized from the allegations contained in Plaintiff's complaint and are taken as true of the purposes of resolving the motions to dismiss.

not clearly explained in the Complaint, Plaintiff alleges that Orange gave him a summons for committing criminal trespass in violation of Tenn. Code § 39-14-405, a Class C misdemeanor, required that he sign the citation, and refused to take Plaintiff before a state magistrate. Plaintiff alleges that he was taken to the Williamson County Jail for "booking," but he does not allege that he was held at the jail after being booked. He alleges that he was required to return to Franklin from Hamilton County on December 14, 2021, for a hearing in the General Session Court, at which time the charge was dismissed upon a finding that no probable cause existed.[2]

Plaintiff thereafter initiated the instant lawsuit. On November 5, 2022, he mailed to the Court a *pro se* "complaint for abridgement, denial, [and] deprivation of fundamental rights" that was received and filed by the Clerk's Office on November 9, 2022. *See* Complaint (Docket Entry No. 1). Named as defendants are: (1) Officer Orange; (2) the City of Franklin, Tennessee ("City of Franklin"); (3) Atrium; (4) Crawford; (5) Roger Page ("Page"), the Chief Justice of the Tennessee Supreme Court, who Plaintiff alleges "oversees, supervises, administers, and directs the Tennessee administrator of the courts for public conferences;" and, (6) "John and Jane Does," who are identified as AOC or "other state" employees. *Id*. at 4-5.

Plaintiff alleges that his First and Fourth Amendment rights were violated when he was denied entrance to the conference and was then wrongfully arrested without a warrant or probable cause merely because he was attempting to exercise his First Amendment rights as a member of the press and as a citizen. He brings claims under 42 U.S.C. § 1983 for violation of his First Amendment rights

---

[2] *See* Docket Entry No. 24-1 at 3.

and for false arrest and false imprisonment, and further brings a conspiracy claim against Defendants under 42 U.S.C. § 1985, alleging that Defendants conspired to commit the wrongful acts.[3]

Plaintiff specifically contends that a municipal ordinance of the City of Franklin conflicts with Tennessee statutory law and with the Constitution, *see* Complaint at ¶ 22, ¶¶ 31-36, and ¶46(c)(2), because the wording in the municipal ordinance differs from the wording contained in Tenn. Code. Ann. § 40-7-103, the Tennessee statute that authorizes warrantless arrests, in that the former permits a warrantless arrest for an "offense" and the latter permits a warrantless arrest for a "public offense." Plaintiff contends that this difference results in police officers with the City of Franklin arresting citizens without a warrant in violation of both state law and the Fourth Amendment. *See* Complaint at ¶¶ 34-36. Plaintiff claims that the phrase "public offense," as contained in Tenn. Code Ann. § 40-7-103(a)(1), restricted Officer Orange to making a warrantless arrest of Plaintiff only for a criminal offense that had "a threatening, violent, riotous, affray-like face, a harm visible to the human eye in the nature of a 'breach of peace threatened.'" *See* Complaint at ¶ 35.

As relief, Plaintiff seeks damages and "equitable compensation." *Id*. at 12. He also seeks two specific injunctions. The first is an order declaring that:

> the judicial branch's Feb. 1, 2022, policy, No. 3.04, "Subject: Attendance at AOC Conferences," created in response to plaintiff's Nov. 6, 2021, arrest, be ruled unconstitutional, null and void, and that defendants be commanded, or any subsequent authority, to halt abuses like those complained of in this case.

*Id*. at 12-13. The second is for:

---

[3] Although Plaintiff refers to Tennessee statutes and constitutional provisions in his complaint, his claims are couched as violations of his federal constitutional rights, he specifically cites to Sections 1983 and 1985 as the basis for his lawsuit, and he does not rely upon supplemental jurisdiction under 28 U.S.C. § 1367. *See* Complaint at ¶¶ 2-6. Accordingly, the Court does not view Plaintiff as proceeding on any state law claims.

a forward-looking injunction upon defendant city and any other party similarly situated, that he be protected statewide. As to city of Franklin, plaintiff demands that the court order the city to correct its misrepresentation of the warrantless arrest law at T.C.A. 40-7-103 and enjoin it to abide by clearly established law, in which the term "public offense" is the standard for misdemeanors for which officer are allowed to seize people under without arrest warrants, and then only by the due process the general assembly intends.

*Id.* at 13.

In lieu of answers, Defendants have filed the pending motions to dismiss, seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motions. *See* Docket Entry Nos. 24 and 37.[4]

## II. MOTIONS TO DISMISS AND RESPONSE

Defendants Page, Crawford, and the Does ("hereinafter referred to collectively as the "State Defendants") argue that Plaintiff's lawsuit was not timely filed within one year of the events of November 6, 2021, and is therefore barred by the applicable one year statute of limitations. They also argue that, as state officials sued in only their official capacities, they are protected from Plaintiff's lawsuit by the doctrine of sovereign immunity. *See* State Defendants' Memorandum in Support (Docket Entry No. 7-1).

Defendant Atrium also raises a statute of limitations defense. Atrium further contends that it is solely a private party and that Plaintiff's allegations fails to support a claim that Atrium took any

---

[4] Also pending before the Court are several other motions made by Plaintiff: two petitions "for declaratory judgment and equity relief upon default, and for permanent injunction" (Docket Entry Nos. 31 and 34); motion to amend (Docket Entry No. 35); motion for an immediate hearing (Docket Entry No. 36); demand for immediate equitable relief to prevent irreparable harm (Docket Entry No. 45); motion for reconsideration of the Clerk's denial of entry of default against Defendants Page and City of Franklin (Docket Entry No. 46); and motion for summary judgment (Docket Entry No. 48). These motions are addressed by the Court in either this Report and Recommendation or a contemporaneously entered order.

action under color of state law to deprive him of any protected rights. *See* Defendant Atrium's Memorandum in Support (Docket Entry No. 13).

Defendant City of Franklin likewise raises a statute of limitations defense. It also argues that Plaintiff's complaint fails to set forth allegations (1) that support a claim that, as a municipal entity, the City of Franklin bears liability for any violations of Plaintiff's federal constitutional rights that he claims occurred and (2) support a claim brought under 42 U.S.C. § 1985. Finally, the City of Franklin asserts that, to the extent that Plaintiff's complaint can be read to raise claims against it under state law, it has immunity from liability under the Tennessee Governmental Tort Liability Act ("TGTLA"). *See* Defendant City of Franklin's Memorandum in Support (Docket Entry No. 14).

Like the other Defendants, Defendant Orange raises a statute of limitations defense. He also argues that he is entitled to qualified immunity from liability for any constitutional claim brought against him under 42 U.S.C. § 1983, that any official capacity claim brought against him is duplicative of the claims brought against the City of Franklin, that Plaintiff's allegations fail to support a claim brought under 42 U.S.C. § 1985, and that Plaintiff does not have a cognizable private cause of action under the Tennessee Constitution. *See* Defendant Orange's Memorandum in Support (Docket Entry No. 23).

Plaintiff has filed a lengthy joint response to the motions of the State Defendants, Atrium, and the City of Franklin, *see* Plaintiff's Response I (Docket Entry No. 24), and a second lengthy response that is directed at the motion of Defendant Orange. *See* Plaintiff's Response II (Docket Entry No. 37). In his response, Plaintiff raises rebuttals to each of the arguments for dismissal raised by Defendants. He also drops the "Doe" Defendants from his case. *See* Plaintiff's Response I at 21.

Plaintiff attaches to his responses several exhibits. *See* Docket Entry No. 24-1 and Docket Entry No. 37 at 20-27. These exhibits consist of: (1) a copy of the forms showing the certified mailing

and receipt of his complaint to the Court; (2) copies of the citation he was given, the finding of no probable cause by the General Sessions court, and an order of expungement of the public records for the criminal charge; (3) a copy of the "Group Sales Event Agreement" between the AOC and Atrium; (4) a copy of municipal ordinance Sec. 6-109 for the City of Franklin and Tenn. Code. Ann. § 40-7-103; (5) a website link to the "body cam" footage for Defendant Orange; and, (6) a copy of a letter Plaintiff alleges that he sent to Defendant Page prior to the judicial conference demanding access to the judicial conference.

For the purposes of this Report and Recommendation, it is unnecessary to summarize each of Plaintiff's rebuttal arguments. The Court shall specifically address in its analysis only those arguments that are pertinent to the basis for the Court's ultimate recommendation.

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create

speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

As Defendants point out, Plaintiff attaches several exhibits to his responses to the motions to dismiss. Generally, a motion to dismiss should be limited to the facts alleged in the complaint. However, in review of a motion to dismiss, documents not attached to the pleadings may be considered if they are referred to in the complaint and are central to the claims contained therein. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also take judicial notice of a party's submission of public records. *See New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). While some of Plaintiff's exhibits could arguably fall within the scope of documents that could be considered by the Court, it is not necessary for the Court to rely on these documents for the purposes of resolving the pending motions to dismiss.

IV.                                      ANALYSIS

**A. Dismissal of Plaintiff's Complaint**

Plaintiff's lawsuit presents an interesting factual scenario. In addition to the intrinsically personal claims that he brings as an individual who believes that he was wrongfully arrested, his lawsuit touches upon broader First Amendment issues. Nonetheless, his lawsuit suffers from a significant flaw that cannot be overlooked.

Defendants raise a valid statute of limitations defense. Although the statute of limitations is an affirmative defense generally not amenable to resolution on a motion to dismiss, a complaint

may be dismissed for failure to state a claim if the allegations of the complaint themselves demonstrate that the claim would be barred by the applicable statute of limitations. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). It is clear from the face of Plaintiff's own complaint that he has not pursued his claims in a timely manner.

Claims brought under Section 1983 and Section 1985, like any civil claim, are subject to a statute of limitations that requires that the claims be brought within a certain time period. It is beyond dispute that the statute of limitations for Section 1983 and 1985 claims that arise in Tennessee are subject to the one-year limitations period set out in Tenn. Code Ann. § 28-3-104(a)(1)(B). *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Carver v. U Haul Co.*, 830 F.2d 193 (6th Cir. 1987) (the applicable statute of limitations for Section 1985 claim is Tennessee's one year statute of limitations).

Although the duration of the applicable statute of limitations is governed by state law, the question of when the limitations period begins to run is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Generally, a limitations period begins to run when a plaintiff knows or should have known of the injury that forms the basis of the claim. *Eidson*, 510 F.3d at 635; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Alternatively, the Sixth Circuit has suggested that the limitations period for a Section 1983 claim beings to run when the plaintiff has a complete and present cause of action that can be raised in court. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021).

In the instant case, Plaintiff was clearly aware of his claimed injuries at the time that the events at issue occurred on November 6, 2021. At that time, he had been denied in his attempt to

attend and cover the judicial conference, he had been arrested and charged with a crime, his hand had been injured during the handcuffing, he had been involuntarily removed from the hotel, and he had been transported to the local jail for booking before being released. These events were obvious and were sufficient to have alerted Plaintiff that he needed to act to protect his rights. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Additionally, at any point after these events, Plaintiff could have initiated his lawsuit because his legal claims were complete claims that could be raised by him in a lawsuit. Accordingly, under either accrual doctrine, Plaintiff's claims accrued on November 6, 2021.

Specifically, any claim Plaintiff had that his First Amendment rights were violated when he was removed from the judicial conference and subsequently arrested because he was attempting to exercise his First Amendment rights accrued at the time of these events. *Rapp v. Putnam*, 644 F. App'x 621, 625 (6th Cir. 2016) (plaintiff's First Amendment claim that he was issued citations and prosecuted in retaliation for exercising his First Amendment rights accrued at the time the defendants initiated the prosecution). Additionally, Plaintiff's allegation that he was injured by Defendant Orange during the handcuffing and arrest, *see* Complaint at ¶ 20, which raises a Fourth Amendment unreasonable force claim under *Graham v. Connor*, 490 U.S. 386, 395 (1989), also accrued on November 6, 2021. *Hodge v. City of Elyria*, 126 F. App'x 222, 226 (6th Cir. 2005) (Fourth Amendment excessive force claim "began to accrue on the date when [the arrestee] first knew of the alleged constitutional injury, the day of his arrest."). Finally, Plaintiff's Fourth Amendment claim for false arrest and false imprisonment accrued on the day that he was arrested given that he was released that day shortly after his arrest and was not further detained or held in custody. *Dibrell*, 984 F.3d at 1162 ("[The torts of false arrest and false imprisonment], which again

challenge a detention without legal process, accrue at the earlier of two dates. They accrue when the false imprisonment ends with the plaintiff's release. Or, if the plaintiff remains detained, they alternatively accrue when the false imprisonment ends with the issuance of legal process - when, for example, the plaintiff is brought before a magistrate.") (internal citations omitted). *See also Wallace*, 549 U.S. at 389 ("Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends"); *Fox v. DeSoto*, 489 F.3d 227, 233, 235 (6th Cir. 2007) (limitations period for wrongful arrest claim of arrestee who was released after his arrest began to run at time of arrest and he was not required to wait until the criminal charges were dismissed in order to bring his claim).

Instead of promptly pursuing his claims, Plaintiff sat on his rights and waited until November 5, 2022, to sign his complaint and place it in the mail for certified delivery to the Court. He thought that this sufficed to have his complaint filed within one year from the events of November 6, 2021.

This was a significant mistake. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. As the Sixth Circuit has clearly stated, "[if] mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box." *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986). *See* Fed. R. Civ. P. 5(d)(2) ("A paper not filed electronically is filed by delivering it (A) to the clerk; or (B) to a judge who agrees to accept it for filing.") Plaintiff's complaint was not filed when he placed it in the mail. It was filed only when it was received by the Clerk's Office. Plaintiff's complaint bears a stamp of "received" by the Clerk's Office on November 9, 2022, and the complaint was filed that day. *See* Complaint at 1. Filings that reach a clerk's office after a

deadline are untimely, even if mailed before the deadline. *Torras Herreria y Construcciones, S.A.*, 803 F.2d at 216; *See Robinette v. ProMedica Pathology Lab'ys, LLC*, 2022 WL 4540192, at *2 (6th Cir. May 9, 2022) (civil complaint was subject to dismissal as untimely even though it was placed in the mail prior to the filing deadline). On its face, Plaintiff's complaint was filed two days past the expiration of the one year limitations period, which fell on November 7, 2022,[5] and is therefore untimely under the applicable statute of limitations. *See Meersman v. Regions Morgan Keegan Tr.*, 2020 WL 2319785, at *5 (M.D. Tenn. May 11, 2020) (a plaintiff's pleading was untimely when received by the Court one day after the filing deadline even if it was placed in the mail before the deadline).

      Plaintiff raises several arguments for why his complaint should be viewed as timely filed but none of these arguments have merit. He asserts that "the law allows for mailing of a complaint prior to the [expiration] of the one-year deadline to suffice for a timely filed document even though the clerk gets the mailing after the deadline." *See* Plaintiff's Response I at 1-2; Plaintiff's Response II at 15. This is clearly not the law under the authority of *Torras Herreria y Construcciones, S.A.* Furthermore, even though Plaintiff proceeds *pro se*, the "mailbox rule," which permits the Court to constructively construe the date on which a complaint is placed in the mail as the date of filing, *see Richard v. Ray*, 290 F.3d 810, 12-13 (6th Cir. 2002), is a narrow rule that is applicable only to *pro se* parties who are prison inmates. *Robinette,* 2022 WL 4540192 at *2*; Cretacci v. Call*, 988 F.3d 860, 867 (6th Cir.), *cert. denied*, 142 S. Ct. 400 (2021); *Meersman*, 2020 WL 2319785 at *5. Plaintiff points to 28 U.S.C. § 7502 and 27 C.F.R. § 70.305 as provisions that he argues render the

---

[5] Although the one-year period expired on November 6, 2022, because November 6, 2022, was a Sunday, the time for Plaintiff to file his complaint was extended until the following Monday, November 7, 2022. Fed. R. Civ. P. 6(a)(1)(C).

date he mailed his complaint to be the date of filing. *See* Plaintiff's Response I at 2. However, both provisions apply only to mailings made to the Internal Revenue Service and have no relevance to the issue at hand.

Plaintiff also asserts that he made several unsuccessful attempts to obtain an attorney to represent him and that, as a *pro se* party, he was unable to file his complaint electronically. *See* Plaintiff's Response II at 15. However, these facts do not constitute grounds that excuse his untimely filing because neither factor prevented him from taking the steps necessary to timely file his complaint and therefore do not warrant any type of tolling of the limitations period.

Finally, there is also no merit in Plaintiff's contention that his complaint should be viewed as timely filed because the Court accepted his response to Defendant Orange's motion to dismiss even though the response was not received by the Court until after the deadline that the Court set for the response. *Id*. While the Court has the inherent discretion to manage its own cases and to amend, extend, rigorously enforce, or even ignore the deadlines that the Court itself sets for filing responses to motions, it has no such discretion to extend a statutorily set limitation period that governs the deadline for commencing a lawsuit.

Although not set out in his actual responses to the motions to dismiss, Plaintiff argues in a "notice on filing timeliness issue, equitable claims" (Docket Entry No. 43), that Defendants' statute of limitations arguments ignore two events alleged in his complaint as acts of false imprisonment, "malicious prosecution," and "unwarranted deprivation of constitutional common law rights under color of law," *see* Complaint at ¶¶ 26 and 27, that occurred when he had to return to Franklin for a hearing before the General Session judge on December 14, 2021, and had to be present at the hearing for 70 minutes. *Id*. He contends that both of these events imposed a restraint

on his freedom and liberty and occurred within the one-year period prior to filing his lawsuit, which renders his complaint timely filed. *See* Notice at 2.

To the extent that Plaintiff argues that these two events constituted seizures of him that were linked to the arrest, a "continuing seizure" doctrine relative to a false arrest claim has not been adopted in the Sixth Circuit as either a continued seizure arising from a prior arrest or as a separate seizure for an independent Fourth Amendment claim. *See Johnson v. City of Cincinnati*, 310 F.3d 484, 492-93 (6th Cir. 2002) (noting that the "continuing seizure" doctrine had not yet been recognized in the Sixth Circuit); *Parker v. Robertson*, 34 F. Supp. 3d 847, 850 (M.D. Tenn. 2014) (order vacated in part as to other issue on reconsideration, 34 F. Supp. 3d 859 (M.D. Tenn. 2014)). Indeed, the mere requirement that a released arrestee later appear for a court hearing, unaccompanied by other conditions of release that were imposed upon the arrestee, has been found to be insufficient to even constitute a "deprivation of liberty" that would support a malicious prosecution claim. *See Howell v. Cox*, 2017 WL 5900115, at *3 (M.D. Tenn. Nov. 30, 2017), aff'd, 758 F. App'x 480 (6th Cir. 2018). *See also Noonan v. Cnty. of Oakland*, 683 F. App'x 455, 461 (6th Cir. 2017) (a summons to appear for a mandatory court appearance is not sufficient to constitute a deprivation of liberty for a malicious prosecution claim); *Billock v. Kuivila*, 2013 WL 591988, at *6 (N.D. Ohio Feb. 14, 2013) (collecting cases).

The Court finds that Plaintiff's failure to file a timely complaint bars him from seeking relief under Section 1983 on the claims that he asserts. Plaintiff's failure to file a timely complaint likewise bars him from pursuing a claim under Section 1985(3) since his Section 1985(3) claim is likewise based upon the events occurring on November 6, 2021. Given that the statute of

limitations requires dismissal of Plaintiff's claims in their entirety, it is not necessary to address Defendants' alternative arguments for dismissal.

**B. Plaintiff's requests for injunctive and declaratory relief**

In addition to seeing injunctive relief as a remedy in his complaint, Plaintiff has filed two motions seeking permanent injunctions against Defendant City of Franklin and Defendant Page, *see* Petitions "for declaratory judgment and equity relief upon default, and for permanent injunction" (Docket Entry Nos. 31 and 34), as well a "demand for immediate equitable relief to prevent irreparable harm." *See* Docket Entry No. 45.

In his two motions, Plaintiff contends that Defendants Page and the City of Franklin have not specifically defended against the two requests set out in his complaint for prospective "equitable" relief in the form of injunctions and that he is therefore entitled to the entry of a permanent injunction in his favor. Plaintiff argues that this is so even though the Clerk recently denied his request for entry of default against these two Defendants. *See* Order denying motions for entry of default (entered April 10, 2023; Docket Entry No. 46); Plaintiff's Motion for reconsideration (Docket Entry No. 47). In his demand for immediate equitable relief, he asserts that, in another case that is pending in this Court, *McCaleb v. Long, et al.*, Case No. 3:22-cv-00439, the Court recently entered a preliminary injunction that restrains the AOC from closing to the public and press future meetings of the Tennessee bench-bar advisory commission. Plaintiff argues that the rationale of the Court's order in *McCaleb* should be applied to his request for prospective injunctive relief against Defendant Page with respect to future judicial conferences.

Plaintiff has no basis for any type of injunctive relief *in this case*. First, a request for an injunction is not a claim, but merely a remedy for a claim. *Madej v. Maiden*, 951 F.3d 364, 369

(6th Cir. 2020). As found by the Clerk in the denial of Plaintiff's request for the entry of default, Defendants City of Franklin and Page have clearly defended against Plaintiff's claims by seeking the dismissal of the lawsuit. They have in no way ceded to or waived a defense to the imposition of any type of injunctive remedy in this case. Second, and most importantly, the claims brought by Plaintiff are subject to dismissal in their entirety because they are untimely under the statute of limitations. The underpinning of the issuance of either a preliminary injunction or a permanent injunction is the relative merits of the claims at issue in a case. A "strong likelihood of success" on the merits by the movant is a significant factor in obtaining a preliminary injunction, *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004), while actual and ultimate success on a claim is required in order for a permanent injunction to issue. *Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012). Upon the dismissal of Plaintiff's claims, his requests for remedies of injunctive relief simply lack any foundation and must be denied. *Id*. at 772.

To the extent that Plaintiff relies upon the Court's recent decision to issue a preliminary injunction in *McCaleb v. Long* as the basis for obtaining relief *in this case*, his reliance is misplaced. While the First Amendment issues involved in *McCaleb* may generally mirror those involved in the instant case, the facts of the two cases are not the same. *McCaleb* involves only the issue of public access to the Tennessee bench-bar advisory commission established to recommend rules and does not involve public access to more broad judicial conferences. *McCaleb v. Long*, 2023 WL 2602507 (M.D. Tenn. March 22, 2023).[6] Further, the facts and claims that support the

---

[6] Indeed, the Court notes that while the original complaint in *McCaleb* was directed at seeking access to the Tennessee Judicial conference meetings, *see* Docket Entry No. 1 in *McCaleb*, the plaintiff in *McCaleb* subsequently amended his complaint to narrow his focus on only access

issuance of the preliminary injunction in *McCaleb* are part of the underlying amended complaint in *McCaleb*. In contrast, Plaintiff seeks prospective relief based upon facts and allegations that are not actually contained in his complaint but are set out in motions and other filings. *See* Petition (Docket Entry No. 34) and Demand (Docket Entry No. 45). He seeks relief that goes beyond remedying the matters that are set out in his complaint. "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998) (citing *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978)). The requested preliminary injunctive relief sought by Plaintiff is simply not needed to render a decision on the merits of the actual claims that he brings in this lawsuit.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motion to dismiss of Defendants Roger A. Page, John R. Crawford, and Administrative Office of the Courts John and Jane Doe (Docket Entry No. 7), the motion to dismiss of Defendant Atrium Hospitality LP (Docket Entry No. 11), the motion to dismiss of Defendant City of Franklin (Docket Entry No. 12), and the motion to dismiss of Defendant William Orange (Docket Entry No. 22) be GRANTED;

2) Plaintiff's petitions for declaratory judgment and equity relief upon default, and for permanent injunction (Docket Entry Nos. 31 and 34), motion for an immediate hearing (Docket Entry No. 36), demand for immediate equitable relief to prevent irreparable harm (Docket Entry

---

to the Tennessee bench-bar advisory commission. *See* Docket Entry No. 19 in *McCaleb*.

No. 45), and motion for reconsideration of the Clerk's denial of entry of default against Defendants Page and City of Franklin (Docket Entry No. 47) be DENIED;

3) Plaintiff's motion for summary judgment (Docket No. 48) be DENIED as moot considering the recommendation that this lawsuit be dismissed as untimely filed; and

4) this action be DISMISSED WITH PREJUDICE as to all claims and all Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge